**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CENTERSTATE BANK OF FLORIDA, NA,**

**Plaintiff,**

**v.** **Case No: 6:14-cv-1655-Orl-31GJK**

**JOHN EMMONS' TAEKWONDO, INC., LAURA J. PIPER, JOHN EMMONS, UNKNOWN SPOUSE OF JOHN EMMONS, PATRICK TOOMEY, UNKNOWN TENANTS and UNKNOWN TENANTS,**

**Defendants.**

---

# ORDER

This matter is before the Court on Plaintiff CenterState Bank of Florida, NA's (CenterState) Motion for Summary Judgment (Doc. 14), Defendants John Emmons' Taekwondo, Inc. ("Taekwondo") and John Emmons' (cumulatively, "Emmons") Response in Opposition (Doc. 33), and Plaintiff's Reply (Doc. 40). Also before the Court is Defendant Federal Deposit Insurance Corporation's ("FDIC") Motion to Dismiss the Third-Party Complaint (Doc. 23), Emmons' Response in Opposition (Doc. 32), and FDIC's Reply in support of their Motion (Doc. 50).

## I. Background

The Amended Complaint presents a simple theory of a loan that was not repaid by a business and individual guarantor. Emmons executed several promissory notes, guarantees, and mortgage documents that were ultimately rolled into a final promissory note (the "Third Modified Note" (Doc. 2-1 at 37-42)) for $1,311,250.00. The series of notes and related papers were executed by Emmons, on behalf of the business and personally, promising to repay First Commercial Bank of Florida

("FCBF") for loans relating to construction on Emmons' property. The loans were secured by a mortgage on real and personal property. FCBF was subsequently closed, and the FDIC was appointed receiver on January 7, 2011. First Southern Bank ("First Southern"), purchased FCBF's assets, including the notes and papers that form the underlying basis of this action. Following a merger, CenterState became the holder of the loan documents. (*See* Doc. 42).

The case was removed to this Court on October 10, 2014, eleven months after this suit was filed in state court. Soon after removal, Plaintiff moved for summary judgment, asserting that there was no dispute that the notes were due and not repaid and the Defendants' affirmative defenses were legally barred. Emmons filed a third-party complaint against various parties, including the FDIC. FDIC has moved to dismiss the claim against it on the basis that Emmons failed to exhaust their administrative remedies, thus depriving this Court of subject matter jurisdiction.

**II. Standards**

**A. Summary Judgment**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation

omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

**B. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

"A motion to dismiss under Rule 12(b)(l) may assert either a factual attack or a facial attack to jurisdiction." *Sinaltrainal v. Coca-Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009) abrogated on other grounds *Mohamad v. Palestinian Auth*., 132 S. Ct. 1702 (2012); *Morrison v. Amway Corp.*, 323 F.3d 920, 924-25 (11th Cir. 2003). In a facial attack, the Court examines whether the complaint has sufficiently alleged subject-matter jurisdiction, accepting the allegations as true and construing the complaint in the light most favorable to Plaintiff. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). A factual attack, on the other hand, challenges subject-matter jurisdiction based on facts, not pleadings, and the Court considers submissions such as testimony and affidavits. *Id.* The Court is not required to assume the truth of the plaintiff's allegations, and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id*.

## III. Analysis

### A. Summary Judgment

#### i. Plaintiff's Showing as to Undisputed Facts Supporting Counts I-III

The material facts of this case are not in dispute. Emmons took out loans from FCBF and agreed to certain modifications of the loans, which led up to the Third Modified Note. (Doc. 2-1 at 38-42); *see also* Dep. of John W. Emmons (individually and as corporate representative for Taekwondo) ("Emmons Dep.") at 41-42. Emmons failed to make payments due on August 15, 2013 or any time thereafter. Emmons Dep. at 44-45. The Third Modified Note includes an acceleration clause, (Doc. 2-1 at 39) making the full amount plus interest due and payable upon a default. The loan was secured by mortgages on real and personal property. (Doc. 2-2 at 7-42). Finally, John Emmons agreed to personally guarantee Taekwondo's performance of its payment obligations to Plaintiff. (Doc. 2-2 at 52-63). These facts, if undisputed, establish the Plaintiff's entitlement to relief.

Rather than dispute these material facts, the Plaintiff contends that certain exhibits[1] are not part of the Court's records. (Doc. 33). However, the cited documents were included in the state court case file, which is part of this Court's record. (Doc. 38). Accordingly, those documents may be considered for summary judgment purposes.

Defendants also argue that they have not had the opportunity to conduct discovery, and that summary judgment is premature. This argument belies the procedural posture of the case, as it was filed in state court November 12, 2013 and then removed to this Court October 10, 2014—eleven months later and just six days before the summary judgment motion was filed. That plainly afforded Defendants an opportunity to conduct discovery and they have not indicated how discovery in the

---

[1] The cited exhibits were: 1) affidavit of Chuck Jones of CenterState Bank, 2) excerpts of the deposition of John W. Emmons in his individual capacity and as corporate representative of Taekwondo, and 3) the Third Modified Note and Third Mortgage.

state case was insufficient. According to the Plaintiff, the Defendants issued no discovery requests until the eve of Plaintiff filing for summary judgment, when Defendants set depositions they later cancelled. Additionally, Defendants have failed to give an inkling of what they hope to now discover to avoid or mitigate liability. The general rule of the Eleventh Circuit is that a party opposing summary judgment should be permitted time to complete discovery prior to consideration of summary judgment. *Jones v. City of Columbus*, Ga., 120 F.3d 248, 253 (11th Cir. 1997) ("[T]he party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion."). However, that rule does not require that the discovery occur during the case's pendency in federal court—particularly where the non-movant does not indicate how further discovery would impact a determination on the merits.

Finally, Defendants request that summary judgment be deferred pending additional discovery. However, a party cannot rely on vague requests for additional discovery to forestall summary judgment on an otherwise undisputed factual record showing a right to relief. On this topic, the Eleventh Circuit has stated:

> Rule 56(f)[2] specifically addresses the question of summary judgment before discovery has taken place. The party opposing summary judgment may move the court to permit the discovery necessary to oppose the motion. The party seeking to use rule 56(f) " 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts,' but rather he must specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.' " *Wallace v. Brownell Pontiac–GMC Co.*, 703 F.2d 525, 527 (11th Cir.1983) (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896 (5th Cir.1980)).

[2] At the time of the opinion, Rule 56(f) addressed summary judgment before discovery. However, during the 2010 amendments to Rule 56, the substantive rule in subsection (f) was incorporated into subsection (d). The 2010 amendment notes state: "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."

*Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989). Here, Defendants have not brought the material facts into dispute, nor have they indicated what they hope to achieve through more discovery. Accordingly, Plaintiff has carried its burden with regard to Counts I-III.[3]

**B. Subject Matter Jurisdiction as to Emmons' Affirmative Defenses and the Third-Party Claim against FDIC**

Because the third-party complaint and affirmative defenses were filed after the appointment of FDIC as receiver for FCBF, FIRREA[4] sets forth a mandatory administrative procedure that Emmons must have complied with for this Court to have subject matter jurisdiction over them. *See Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 934 (11th Cir.) cert. denied, 134 S. Ct. 175, 187 L. Ed. 2d 256 (2013) ("[F]or post-receivership claims . . . the court has no subject matter jurisdiction unless the claimant has exhausted the administrative remedies." (internal quote omitted)).

The Eleventh Circuit has noted that, when an affirmative defense disputes a plaintiff's legal right to bring an action, then it is not subject to FIRREA's exhaustion requirement. *Am. First Fed., Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259, 1265 (11th Cir. 1999). "However, a court must look beyond the nomenclature of a request for relief to ascertain whether it is a true affirmative defense or is, in actuality, a claim requiring exhaustion as a prerequisite to jurisdiction." *Id.* In other words, the Court must look to whether the remedy sought is encompassed by 12 U.S.C. § 1821(d)(13)(D). *Id.* Defendants' affirmative defenses set out two theories of estoppel both of which relate to acts or omissions of FCBF. Accordingly, they fall within the scope of § 1821(d)(13)(D). 12 U.S.C. §

[3] Count I is for breach of the Third Modified Note, Count II is for foreclosure of the mortgage and security interest, Count III is for breach of the guarantee.

[4] Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C.A. § 1821(c).

1821(d)(13)(D) ("[e]xcept as otherwise provided in this subsection, no court shall have jurisdiction over . . . any claim relating any act or omission of such institution" which has gone into FDIC receivership). Defendants do not assert they exhausted the administrative remedies, and therefore the Court does not have subject matter jurisdiction over the affirmative defenses.

As to the third-party claim against FDIC,[5] Count I of the third-party complaint requests a payment. This clearly falls within the bounds of § 1821(d)(13)(D) and requires exhaustion of administrative remedies for this Court to have jurisdiction. 12 U.S.C. § 1821(d)(13)(D) ("except as otherwise provided in this subsection, no court shall have jurisdiction over . . . *any claim or action* for payment . . . ." (emphasis added)). Third-Party Plaintiffs make no assertion that they have exhausted their administrative remedies as to the third-party claim against FDIC, rather, they assert that FIRREA's exhaustion requirement only applies to creditors, but not debtors.[6] Exceptions to the exhaustion requirement are inapplicable here and Plaintiff's theory is contrary to the text of the statute. Accordingly, the claim against the FDIC must be dismissed for lack of subject matter jurisdiction.[7]

---

[5] Count I of the third-party complaint improperly names FDIC as "Federal Deposit Insurance Corporation, f/k/a First Commercial Bank of Florida." The claim is against FDIC as receiver for alleged acts or omissions by FCBF prior to its failure. *See* 12 U.S.C. § 1821(d)(2)(A)-(B) (stating when FDIC is appointed receiver, it succeeds in all rights, titles, powers, and privileges of a failed bank and preserves the assets of such institution).

[6] This argument was also asserted in support of the Court's subject matter as to the affirmative defenses. It is equally flawed in that regard.

[7] Even if Defendants had exhausted their remedies pursuant to FIRREA, it is clear that the two affirmative defenses and third-party claim against FDIC would have been precluded under the *D'Oench* Doctrine. Defendants assert two estoppel affirmative defenses, both of which could have been brought as independent actions and are therefore barred under the *D'Oench* Doctrine, codified at 12 U.S.C. § 1823(e). *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 593-96 (11th Cir. 1995); *Talmo v. FDIC*, 782 F. Supp. 1538, 1540–41 (S.D. Fla. 1991) ("no claim may be made against the FDIC as receiver of a failed banking institution, nor may a defense be raised against the FDIC, based on an agreement that does not meet the criteria set forth in § 1823(e)").

It is therefore,

**ORDERED,** Plaintiff, CenterState's Motion for Summary Judgment (Doc. 14) is **GRANTED** against: Taekwondo as to Counts I and II and Emmons as to Counts II and III.[8] The Third-Party Defendant, FDIC's Motion to Dismiss (Doc. 22) is **GRANTED.** Count I of the Third-Party Complaint, insofar as it is against FDIC, is dismissed.[9]

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 26, 2015.




GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

[8] Plaintiff requested summary judgment against Defendants Laura J. Piper, Patrick Toomey, and Unknown Spouse of John Emmons. (*See* Doc. 14 at 25). Default was already entered as to Piper, (*See* Doc. 54), and a separate order of default shall issue as to the other Defendants.

[9] This Order is limited to the parties specified in the ordering paragraph; any claims not ruled on by this Order remain pending.